I concur in the decision reached by the majority. I write separately only to state I am not yet convinced appellant was not subjected to "actual imprisonment" in his 1991 conviction. In State v. Gerwin (1982), 69 Ohio St.2d 488, the defendant's sentence was limited to a fine. In the case sub judice, appellant was sentenced to thirty days in jail, but the jail term was suspended on certain conditions. Although the jail term may not have been actually imposed, appellant was actually sentenced to jail. This difference leads me to question what the United States Supreme Court meant when it used the term "actual imprisonment" in Scott v. Illinois (1979), 440 U.S. 367, and Baldasar v. Illinois (1980), 446 U.S. 222. In Scott, the Court stated:
 We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel in his defense.
Scott, supra, at 373. (Emphasis added).
There is no doubt appellant was sentenced to a term of imprisonment under his 1991 conviction. That sentence was suspended upon certain conditions. Left unanswered is whether the rendering of a sentence of incarceration, albeit suspended, constitutes "actual imprisonment" within the contemplation of the Scott and Baldasar cases. Does "actual imprisonment" mean imprisonment actually imposed or merely the rendition of a sentence of imprisonment? Despite this concern, I agree with the decision to affirm appellant's conviction because appellant was not indigent at the time of his previous conviction. Accordingly, I find Scott, Baldasar and Nichols v. United States (1994),511 U.S. 738, inapplicable to the case sub judice.